MATTER OF WADAS

In Exclusion Proceedings

A-24000645

*Decided by Board March 14, 1980*

(1) In exclusion proceedings, under 8 C.F.R. 236.2(b), the immigration judge has the authority to regulate the course of the hearing, and where a determination of venue is essential to such regulation, he may in certain situations hear a motion to change venue without infringing on the general parole jurisdiction of the District Director.

(2) Where an applicant for admission has been paroled into the United States by the District Director and has been granted permission to continue his journey outside the district, his motion to the immigration judge in exclusion proceedings to change venue is subject to considerations similar to those present in venue motions in deportation proceedings.

(3) Where the applicant for admission was paroled into the United States, allowed to journey outside New York, the district of the port of entry, where he had never resided, and where the possible excludable acts had occurred in, and possible witnesses were located in Massachusetts, an interpreter is required, and two previous hearings failed to resolve the applicant's excludability, it was appropriate for the immigration judge to hear a motion to change venue to Boston.

EXCLUDABLE:
Order:  Act of 1952 — Section 212(a)(20) [8 U.S.C. 1182(a)(20)] — Immigrant — not in possession of a valid visa

ON BEHALF OF APPLICANT:  Pro se

BY:  Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The Service has filed an interlocutory appeal from a decision of Immigration Judge John Ruggiero, granting a change in venue from New York to Boston. It is the Service's contention that the immigration judge lacks jurisdiction to change venue in exclusion proceedings. Although we do not normally hear appeals from interlocutory decisions, in this case we will make an exception because the issue to be considered is important, and unlikely to be resolved in a more satisfactory context. Cf. *Matter of Sacco*, 15 I&N Dec. 109 (BIA 1974); *Matter of Fong*, 14 I&N Dec. 670 (BIA 1974). The appeal will be dismissed.

At the exclusion hearing before the immigration judge on July 19,

346

1979, there was testimony presented by the applicant for admission to the effect that the designation of New York as the location of the exclusion hearing was inappropriate. The applicant had applied for admission at New York, had been paroled into the United States by the District Director, and had been granted permission to continue his journey outside the New York district of the Service. Based on the information adduced at the hearing, the immigration judge concluded that the exclusion hearing would more properly be heard in Boston, and he ordered the change in venue to that city.

The Service on appeal contends that the immigration judge has no jurisdiction to change the venue in exclusion proceedings where, as here, the applicant has been paroled into the United States and allowed to travel outside the district in which he made his application for admission. It cites section 212(d)(5) for the proposition that the Attorney General may parole aliens into the United States under such conditions as he may prescribe, and that parole is not an admission for purposes of the immigration laws. The Service also cites 8 C.F.R. 212.5(a) to show that the discretion granted to the Attorney General under section 212(d)(5) of the Act has been delegated to the District Director in charge of a port of entry. In addition, the Service relies on *Matter of Lepofsky*, 14 I&N Dec. 718 (BIA 1974), to establish its contention that only the District Director may parole aliens into the United States. *Lepofsky* involved a case where the immigration judge allowed two applicants for admission to withdraw their application for admission and granted them conditional "permission" to remain in the United States for one month. The Board held that this order was an infringement on the parole power of the District Director.

Finally, the Service cites *Conceiro v. Marks*, 360 F.Supp. 454 (S.D. N.Y. 1973) for the authority that the Board has consistently held that the District Director alone may parole aliens into the United States. *Conceiro* concerned a Cuban refugee refused parole by the District Director who brought habeas corpus proceedings in the District Court. It was noted by the court that the Board had adopted the position that the discretion to parole lay with the District Director.

The Service concedes that immigration judges in deportation proceedings do have the authority to decide changes in venue. *Matter of Seren*, Interim Decision 2474 (BIA 1976). It contends, though, that *Seren* is distinguishable on at least two grounds. The first is that the immigration judge in deportation proceedings has jurisdiction over questions involving procedural due process, and that venue is such a question. Secondly, it asserts that an alien in deportation proceedings has made an entry which places him within the normal Constitutional protections, while an applicant for admission who has been paroled into the United States "has no legal immigration status".

The last point that the Service makes is that even if the immigration judge had authority to change venue, the applicant had not established that this change was necessary.

After considering the points raised by the Service, we have concluded that change of venue in exclusion proceedings, where the applicant has been paroled in and allowed to travel outside the district where he applied for admission, is governed by considerations similar to those present in deportation proceedings. Although the situation may appear to the Service to present a conflict between the parole powers of the District Director, and the jurisdiction which vests in the immigration judge at the point where the exclusion hearing begins, we view the situation in some what different terms. In a deportation proceeding, the immigration judge has the jurisdiction to consider venue because "8 C.F.R. 242.8 grants the immigration judge the power to take such action as "may be appropriate to the disposition of the case". *Matter of Seren, supra.* We see no reason that the same considerations should not hold true in this exclusion proceeding. 8 C.F.R. 236.1, in discussing exclusion proceedings, states in almost identical words that:

> "Subject to any specific limitation prescribed by the Act and this chapter, immigration judges shall also exercise the discretion and authority conferred upon the Attorney General by the Act as is appropriate and necessary for the disposition of such cases."

In addition, 8 C.F.R. 236.2 delineates the rights and procedures to be followed in exclusion proceedings in terms very similar to those in deportation proceedings. This indicates that the distinction that the Service wishes to draw between deportation and exclusion proceedings on procedural grounds is not well founded. It also shows that the asserted distinction between Constitutional rights in deportation proceedings as opposed to those accorded in exclusion proceedings, is in fact almost irrelevant. Whatever differences in treatment may be justified on Constitutional grounds, the regulations provide protections to the aliens which are quite similar.

In addition, as a matter of practical consideration, the immigration judge is in a good position to hear arguments on the issue of venue and determine whether or not a hearing could better be conducted in a different Service district. The exclusion hearing would provide a full opportunity for all sides of the matter to be heard, and the issue could be promptly resolved.

We do not find this procedure to infringe on the authority of the District Director to set the conditions for parole. Unlike *Lepofsky, supra,* where there was no express or implied authority for the immigration judge to find an alien excludable and then allow him to remain, a change in venue is a natural adjunct of the immigration

judge's authority to conduct exclusion hearings under 8 C.F.R. 236.1. Such jurisdiction does not affect the District Director's jurisdiction to set parole, or the conditions to be met by the parolee. It also does not affect the District Director's authority to detain an applicant for admission; nor does it in fringe on his authority to limit the applicant's enlargement on parole to the vicinity of the port of entry. Here, the applicant was paroled into the United States and allowed to travel outside the district of the port of entry. In such a case, where it appears with good reason that another venue should be designated after the hearing commences, the immigration judge has the authority to hear a motion to change venue, weigh the factors involved, and to make a new designation if he considers it necessary. This procedure will enable him to "regulate the course of the hearing" as provided in 8 C.F.R. 236.2(b).

In this case, the District Director designated New York as the place of the hearing, and he contends that a change in venue is not justified. The transcript shows that the applicant has never resided in New York. It also indicates that the excludable acts occurred in, and the possible witnesses are located in Massachusetts. In addition, the applicant requires an interpreter, and of which there have already been two, with no resolution of the charge of excludability. We agree in these circumstances that the immigration judge properly found that he had authority to consider the question of venue once the hearing had commenced, and that a change in venue was appropriate in the circumstances. The appeal is accordingly dismissed.

ORDER: The appeal is dismissed.