MATTER OF ALPHONSE, et al.

In Exclusion Proceedings

A-26006595

*Decided by Board November 17, 1981*

(1) An immigration judge lacks jurisdiction to consider a motion for a change of venue where an alien is detained by the Immigration and Naturalization Service pending exclusion proceedings notwithstanding the provision in 8 C.F.R. 236.1 granting immigration judges the power to take such actions "as is appropriate and necessary for the disposition of such cases." *Matter of Wadas*, 17 I&N Dec. 346 (BIA 1980) distinguished.

(2) A change of venue issue may not be reviewed by an immigration judge in exclusion proceedings in the case of a detained alien because such a review would necessarily involve consideration of parole and detention matters which are exclusively within the jurisdictional powers of the District Director. 8 C.F.R. 212.5(a), 233.1, and 235.3.

EXCLUDABLE:
　　Order: Act of 1952—Sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]—No valid, unexpired immigrant visas or other valid entry documents

ON BEHALF OF APPLICANT:　　　　　　　　　ON BEHALF OF SERVICE:
　　Arthur C. Helton, Esquire　　　　　　　　James W. Grable
　　Mailman & Ruthizer, P.C.　　　　　　　　　Chief Legal Officer
　　1290 Avenue of the Americas
　　New York, New York 10104

BY: Milhollan, Chairman; Maniatis, Maguire, Morris, and Vacca, Board Members

On September 9, 1981, the immigration judge considered and denied the applicants' motion for a change of venue. Both the Service and the applicants submitted interlocutory appeals. The Service appeal will be sustained and the applicants' appeal will be dismissed.

The applicants are natives and citizens of Haiti who arrived in the United States on July 5, 1981, near Miami, Florida. They were served with notice that they may be excludable pursuant to section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(20). They were held in detention pending conclusion of their exclusion proceedings and resolution of their application for asylum. These applicants were transferred to the Bureau of Prisons' detention facility in Camp Ray Brook, Plattsburg, New York, as part of a program to reduce overcrowding at the Krome Service detention center in Miami, Florida.

In an August 11, 1981, exclusion hearing, the immigration judge permitted the applicants' counsel to enter a special appearance for purposes of submitting a motion to change the venue of the exclusion proceedings from Camp Ray Brook, in Plattsburg, New York, to New York City, Miami, or any other large population center. The immigration judge ruled that he had jurisdiction to consider the motion but denied it after concluding that the applicants had failed to establish that such a change of venue was warranted. Interlocutory appeals were submitted by both parties.

The Service contends that the immigration judge did not have authority to consider the applicants' motion for a change of venue because the applicants were still detained and, therefore, within the sole jurisdiction of the District Director. The applicants submit that a change of venue was warranted. We will entertain this interlocutory appeal because it raises an important issue in the administration of the immigration laws concerning the jurisdictional powers of immigration judges and district directors. *Matter of Ruiz-Campuzano*, 17 I&N Dec. 108 (BIA 1979).

Sections 233 and 235 of the Act, 8 U.S.C. 1223 and 1225, prescribe that an alien arriving in the United States may be detained pending resolution of his admissibility. See *Shaughnessy* v. *Mezei*, 345 U.S. 206 (1953); *United States ex rel. Russo* v. *Thompson*, 188 F.2d 244 (2 Cir. 1951), *cert. denied*, 341 U.S. 954 (1951). The place of detention is determined by the immigration officer at the port of entry pursuant to 8 C.F.R. 233.1. See *generally* 1A Gordon and Rosenfield, *Immigration Law and Procedure*, section 3.17(b) (1980).

The immigration judge relied on two precedent decisions by this Board as authority for his conclusion that he had jurisdiction to entertain the motion to change venue. In *Matter of Seren*, 15 I&N Dec. 590 (BIA 1976), we interpreted the language in 8 C.F.R. 242.8(a) that grants immigration judges the power to take such action as "may be appropriate to the disposition of the case" as including the power to consider questions of change of venue in deportation proceedings. In *Matter of Wadas*, 17 I&N Dec. 346 (BIA 1980), we read similar language in 8 C.F.R. 236.1 as including within it a similar power by immigration judges to consider applications for a change of venue in exclusion proceedings. However, in *Matter of Wadas, supra*, we also specifically stated the following regarding venue jurisdiction:

Such jurisdiction does not affect the District Director's jurisdiction to set parole, or the conditions to be met by the parolee. It also does not affect the District Director's authority to detain an applicant for admission; nor does it infringe on his authority to limit the applicant's enlargement on parole to the vicinity of the port of entry. Here, the applicant was paroled into the United States and allowed to travel outside the district of the port of entry. *Here, the applicant was paroled into the United States and allowed to travel outside the district of the port of entry.* (Emphasis supplied.) In such a case, where it appears with good reason that another venue should be designated after the

hearing commences, the immigration judge has the authority to hear a motion to change venue, weigh the factors involved, and to make a new designation if he considers it necessary. The procedure will enable him to "regulate the course of the hearing" as provided in 8 C.F.R. 236.2(b).

Unlike the alien in *Wadas*, the applicants here have not been paroled by the District Director and remain detained. When aliens are detained, change of venue questions involve more than whether the exclusion hearing can be better conducted in a different Service district. In a case such as this, ordering the change of venue for all of the 36 applicants here involves also the allocation of suitable detention facilities to hold these applicants pending conclusion of their exclusion proceedings.

8 C.F.R. 242.2(b) prescribes the authority for immigration judges to review the District Director's detention decisions in deportation cases. There is no similar provision regarding detained aliens in exclusion proceedings. Section 212(d)(5) of the Act, 8 U.S.C. 1182(d)(5), prescribes the authority for the Attorney General to parole aliens into the United States temporarily pending resolution of their admissibility. Such parole jurisdiction has been delegated exclusively to the District Director's discretion pursuant to 8 C.F.R. 212.5(a). *Matter of Lepofsky*, 14 I&N Dec. 718 (BIA 1974); *Matter of Conceiro*, 14 I&N Dec. 278 (BIA 1973), *aff'd Conceiro v. Marks*, 360 F.Supp. 454 (S.D.N.Y. 1973). Operations Instruction 233.1 specifies that transferring an alien detained pending exclusion proceedings requires the District Director's permission. While not binding on this Board, the prescriptions of the Operations Instructions are often persuasive. *See Matter of Garcia*, 16 I&N Dec. 653 (BIA 1978).

We conclude that an immigration judge lacks jurisdiction to consider a motion for the change of venue of an alien detained pending exclusion proceedings. Such jurisdiction would interfere with the District Director's sole jurisdiction to detain aliens in exclusion proceedings pursuant to 8 C.F.R. 233.1 and 235.3 or parole such aliens pursuant to 8 C.F.R. 212.5(a). We find that the procedures prescribed in deportation cases by 8 C.F.R. 242.2(b) are not available in exclusion proceedings. Consequently, we find that the regulations do not contemplate a review of detention decisions by immigration judges by way of a motion to change venue, despite the similarities between the language of 8 C.F.R. 236.1 and 242.8(a).

Therefore, our decision in *Matter of Wadas, supra*, is limited to situations where the alien in exclusion proceedings has been paroled by the District Director. Accordingly, there can be no interference with his exclusive power to parole pursuant to 8 C.F.R. 212.5(a). The Service appeal will be sustained.

Our decision sustaining the Service's appeal renders the applicant's appeal from the denial of the motion to change venue moot, since we conclude that the immigration judge lacks jurisdiction to grant such a

motion. Therefore, the applicants' appeal will be dismissed.

ORDER: The Service appeal will be sustained and the applicants' appeal will be dismissed.

FURTHER ORDER: The record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion.