## MATTER OF GARCIA-REYES

### In Deportation Proceedings

#### A-26335133

*Decided by Board November 30, 1988*

(1) An immigration judge should not grant, sua sponte, a 6-month continuance to enable a respondent to show rehabilitation where it had not been shown that he was eligible for any form of relief from deportation for which rehabilitation would be relevant.

(2) A deportation hearing should be recorded verbatim, except for certain off-the-record statements or where the immigration judge, in his discretion, excludes arguments relating to motions, applications, requests, or objections, in which case briefs may be submitted.

(3) Objections to rulings of the immigration judge should be made on the record, or they cannot be adequately preserved for appeal.

CHARGE:

Order: Act of 1952—Sec. 241(a)(11) [8 U.S.C. § 1251(a)(11)]—Convicted of controlled substance violation

ON BEHALF OF RESPONDENT:
Dan Chavez, Esquire
706 Sansome Street
San Francisco, California 94111

ON BEHALF OF SERVICE:
David M. Dixon
Appellate Counsel

Linda S. Mitlyng
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a ruling made on June 21, 1988, an immigration judge continued the hearing in the above-referenced case for a 6-month period. The Immigration and Naturalization Service appealed. The appeal will be sustained and the record will be returned to the immigration judge for further action.

The decision which the Service seeks to have reviewed is interlocutory in nature. This Board does not ordinarily entertain interlocutory appeals. *See Matter of Ruiz-Campuzano,* 17 I&N Dec. 108 (BIA 1979); *Matter of Ku,* 15 I&N Dec. 712 (BIA 1976); *Matter of Sacco,* 15 I&N Dec. 109 (BIA 1974). However, we have on occasion

ruled on the merits of interlocutory appeals where we deemed it necessary to address important jurisdictional questions regarding the administration of the immigration laws, or to correct recurring problems in the handling of cases by immigration judges. *See Matter of Rosales*, 19 I&N Dec. 655 (BIA 1988); *Matter of Amico*, 19 I&N Dec. 652 (BIA 1988); *Matter of Correa*, 19 I&N Dec. 130 (BIA 1984); *Matter of Victorino*, 18 I&N Dec. 259 (BIA 1982); *Matter of Alphonse*, 18 I&N Dec. 178 (BIA 1981); *Matter of Wadas*, 17 I&N Dec. 346 (BIA 1980); *Matter of Seren*, 15 I&N Dec. 590 (BIA 1976); *Matter of Fong*, 14 I&N Dec. 670 (BIA 1974). We have concluded that it is appropriate for us to rule on this interlocutory appeal.

The respondent in this case is alleged to be a native and citizen of Honduras who entered the United States on August 19, 1980, and who became a lawful permanent resident on September 26, 1987. It is further alleged that on January 12, 1988, he was convicted in California of the offense of possession of cocaine for sale. Documents in the record reflect that a person purported to be the respondent was sentenced to 270 days in jail and 3 years' probation for this offense.

On June 21, 1988, the respondent appeared before an immigration judge with his counsel. According to an affidavit executed by the Service attorney in the case, the immigration judge asked the respondent's counsel if the respondent was still on probation and counsel replied that he was. The immigration judge then stated that he would continue the case for 6 months so that the respondent would have the opportunity to show rehabilitation. Again according to the Service attorney, the immigration judge did not question the respondent regarding possible eligibility for any form of relief from deportation. The Service objected to the continuance. The Service also objected to the immigration judge's refusal to take pleadings at that time, when counsel for the respondent did not indicate that he was unprepared to then plead to the allegations in the Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S). The immigration judge also refused to go on the record with any of the Service's objections, or the discussion in general.

In its appeal, the Service argues that the immigration judge may not "sua sponte" grant a 6-month continuance for a convicted respondent to show rehabilitation when no eligibility for relief for which rehabilitation would be relevant has been shown. It is further argued that the immigration judge should have taken pleadings to the allegations in the Order to Show Cause when the Service requested it and the respondent did not indicate he was not prepared to plead. Finally, the Service argues that the immigration

judge could not refuse to go on the record with the Service's objections to the handling of the case.

We agree with the Service that the immigration judge mishandled this case. There was no reason for the immigration judge to grant a 6-month continuance. There was no showing that the respondent was eligible for any form of relief from deportation for which rehabilitation would be relevant, and we question what rehabilitation could be shown by a respondent convicted just a year before of a serious drug offense, who since the conviction has been in jail or on probation. *See generally Matter of Buscemi*, 19 I&N Dec. 628 (BIA 1988). Moreover, as pointed out by the Service, the grant of a 6-month continuance in this case appears inconsistent with section 242(i) of the Immigration and Nationality Act, 8 U.S.C. § 1252(i) (Supp. IV 1986).[1] There was no good cause for the immigration judge's decision to continue this case for 6 months, and his decision to do so was unreasonable and error. *See generally* 8 C.F.R. § 3.27 (1988).

We further agree with the Service that the immigration judge should have held these proceedings on the record. The regulations require that a deportation hearing be recorded verbatim, except for certain off-the-record statements or where the immigration judge, in his discretion, excludes "arguments made in connection with motions, applications, requests, or objections, but in such event the person affected may submit a brief." 8 C.F.R. § 242.15 (1988). It is clear that objections themselves should be made on the record, or such objections will not be preserved for appeal. This case, with its lack of any transcript, and with our resulting reliance on the unrebutted affidavit of the Service attorney as to what transpired at the hearing, provides a good example of the difficulties which result when a hearing is not recorded.

For the above-discussed reasons, the record will be remanded to the immigration judge for a full and prompt hearing, with a reminder that the hearing be recorded in compliance with 8 C.F.R. § 242.15 (1988).

ORDER: The appeal is sustained and the record is remanded to the immigration judge for further proceedings in accordance with the foregoing decision.

---

[1] Section 242(i) provides: "In the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceeding as expeditiously as possible after the date of the conviction." This subsection was added to the Act by section 701 of the Immigration Reform and Control Act of 1986, Pub. L. No. 99-603, 100 Stat. 3359.