## MATTER OF DOBERE

### In Exclusion Proceedings

### A-18158429

### Decided by Board April 18, 1990

Under the Rules of Procedure for Proceedings before Immigration Judges, immigration judges have the authority to change venue in exclusion proceedings even in cases where the applicant is being held in custody. *Matter of Alphonse*, 18 I&N Dec. 178 (BIA 1981), superseded.

EXCLUDABLE: Act of 1952—Sec. 212(a)(23) [8 U.S.C. § 1182(a)(23)]—Convicted of controlled substance violation

ON BEHALF OF APPLICANT:
Alexander Schonfeld, Esquire
299 Broadway, Suite 1600
New York, New York 10007

ON BEHALF OF SERVICE:
David M. Dixon
Appellate Counsel

Harris L. Leatherwood
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated November 11, 1989,[1] an immigration judge granted the applicant's motion to change the venue of his exclusion proceedings from Oakdale, Louisiana, to New York City. The Immigration and Naturalization Service filed an appeal from that decision. The request for oral argument before the Board of Immigration Appeals will be denied. The appeal will be dismissed.

The decision which the Service seeks to have reviewed is interlocutory in nature. This Board does not ordinarily entertain interlocutory appeals. *See Matter of Ruiz Campuzano*, 17 I&N Dec. 108 (BIA 1979); *Matter of Ku*, 15 I&N Dec. 712 (BIA 1976); *Matter of Sacco*, 15 I&N Dec. 109 (BIA 1974). However, we have on occasion ruled on the merits of interlocutory appeals where we found it necessary, for example, to address important jurisdictional questions regarding the administration of the immigration laws. *See Matter of Garcia-Reyes*,

---

[1] The immigration judge's decision is for some reason dated November 22, 1989, but it apparently was in fact issued on November 11, 1989.

19 I&N Dec. 830 (BIA 1988), and cases cited therein. We have concluded that it is appropriate for us to rule on this interlocutory appeal.

These exclusion proceedings were initiated in New York City a number of years ago. Hearings were held in New York, at which the applicant was found excludable and allowed to apply for relief under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. 1182(c) (1988). On September 9, 1988, the proceedings were administratively closed by the immigration judge in New York. On July 27, 1989, the Service moved to recalendar the case and to change venue to Oakdale. On September 29, 1989, the immigration judge in New York granted the Service motion to change venue. Thereafter, the applicant applied to the immigration judge in Oakdale for a change of venue back to New York City. The Oakdale immigration judge granted this motion on November 11, 1989, and this Service interlocutory appeal followed. According to a memorandum filed by the Service Appellate Counsel, the New York immigration judge, following the transfer of the case back to him, administratively closed the case again, "when the alien did not appear and the Service had no file." The applicant remains in custody in Oakdale.

In its appeal, the Service contends that the immigration judge in Oakdale was without jurisdiction to change the venue of this case because the applicant was detained at the time the immigration judge made the venue ruling. The Service relies for its position on *Matter of Alphonse*, 18 I&N Dec. 178 (BIA 1981). In *Matter of Alphonse*, we did indeed hold that an immigration judge lacks jurisdiction to consider a motion to change venue where an alien is detained by the Service pending exclusion proceedings. To allow an immigration judge to rule on such a motion, we concluded, would infringe upon the district director's exclusive power to decide matters of detention and parole.

Since the time *Matter of Alphonse* was decided in 1981, Rules of Procedure for Proceedings before Immigration Judges have been promulgated. The rules encompass questions of venue. The power given to immigration judges to change venue is broad and general. The applicable regulation provides: "The immigration judge, for good cause, may change venue on motion by one of the parties, or upon his or her own authority after the charging document has been filed with the Office of the Immigration Judge." 8 C.F.R. § 3.19(b) (1989). The term "charging document" is defined in the rules of court as "the written instrument which initiates a proceeding before an immigration judge including an Order to Show Cause, *a Notice to Applicant for Admission Detained for Hearing before Immigration Judge*, and a Notice of Intention to Rescind and Request for Hearing by Alien." 8 C.F.R. § 3.13 (1989) (emphasis added). Since the venue regulation

189

does not specifically exclude exclusion proceedings from its purview, it applies to exclusion as well as deportation cases. 8 C.F.R. § 3.12 (1989).[2] The comments provided at the time the rules of court were promulgated state, "This rule [Rule 3.19] makes uniform the immigration judge's authority to change venue in all proceedings." 52 Fed. Reg. 2932 (1987). The rules of court became effective on March 2, 1987, and the rule regarding venue clearly supersedes our earlier decision in *Matter of Alphonse, supra.* Thus, the immigration judge had the authority to change the venue of this exclusion case, despite the fact that the applicant is detained pending exclusion proceedings.

The merits of the immigration judge's venue ruling in this case have not been raised by the Service in its appeal, and we will not consider that issue. Because we find that the immigration judge did have jurisdiction to consider the applicant's motion to change venue, the Service's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[2]Bond proceedings are specifically excluded from the venue regulation. 8 C.F.R. § 3.19(a) (1989).