## MATTER OF SILVA-RODRIGUEZ

### In Deportation Proceedings

### A-30542672

*Decided by Board March 27, 1992*

An immigration judge in deportation proceedings did not act with good cause by granting a 1-year continuance so that the respondent would have more time to establish rehabilitation in furtherance of his application for a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (Supp. II 1990). *Matter of Garcia-Reyes,* 19 I&N Dec. 830 (BIA 1988), followed.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2)(A)(iii) [8 U.S.C. § 1251(a)(2)(A)(iii)]—Convicted of aggravated felony

Sec. 241(a)(2)(B)(i) [8 U.S.C. § 1251(a)(2)(B)(i)]—Convicted of controlled substance violation

ON BEHALF OF RESPONDENT:
Paul M. Douglass, Esquire
Douglass, Chew and Chew
604 Myrtle Avenue
El Paso, Texas 79901

ON BEHALF OF SERVICE:
Thomas R. Murphy
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

The record reflects that the respondent is a native and citizen of Mexico, who was admitted to the United States on May 8, 1970, as a lawful permanent resident. On February 7, 1989, he was convicted of delivery of a controlled substance in the 168th District Court of El Paso County, Texas. As a result, the Immigration and Naturalization Service issued an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S), charging the respondent with deportability pursuant to the grounds set forth above.

At his deportation hearing, the respondent conceded deportability and applied for a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (Supp. II 1990).

448

On September 26, 1991, after the presentation of evidence,[1] the immigration judge ordered the hearing continued for 1 year so as to allow the respondent an opportunity to establish rehabilitation. The immigration judge stated that at the end of this period, he would grant section 212(c) relief if the respondent demonstrated rehabilitation and otherwise would order the respondent deported to Mexico.

The Service has filed an interlocutory appeal with respect to the immigration judge's ruling. In particular, it cites to our decision in *Matter of Garcia-Reyes*, 19 I&N Dec. 830 (BIA 1988), and argues that the immigration judge was without authority to order such a continuance. For his part, the respondent, through counsel, seeks to distinguish that precedent from the facts of this case.

As a primary matter, we point out that the Board does not ordinarily entertain interlocutory appeals. *See Matter of Guevara*, 20 I&N Dec. 238 (BIA 1990, 1991). However, we have on occasion ruled on the merits of interlocutory appeals where we deemed it necessary to address important jurisdictional questions regarding the administration of the immigration laws, or to correct recurring problems in the handling of cases by immigration judges. *Id.* We find that the Service's interlocutory appeal satisfies this criteria.

Turning to the merits of the issue before us, we note that in *Matter of Garcia-Reyes, supra*, we held that an immigration judge should not grant, sua sponte, a 6-month continuance so as to enable an alien to show rehabilitation, where there was no evidence that the alien was eligible for any form of relief for which rehabilitation would be relevant. *Id.* at 832. We acknowledge the accuracy of the respondent's appellate observation that, in contrast to *Matter of Garcia-Reyes*, rehabilitation is an integral part of the relief which he seeks in the matter at hand, i.e., a section 212(c) waiver. *See, e.g., Matter of Edwards*, 20 I&N Dec. 191 (BIA 1990). Nevertheless, under the circumstances of this case, we are not persuaded by the respondent's attempt to distinguish *Matter of Garcia-Reyes*.

Specifically, in that decision, we additionally relied upon the fact that the 6-month continuance granted by the immigration judge appeared to be inconsistent with section 242(i) of the Act, 8 U.S.C. § 1252(i) (1988), which provides that deportation proceedings should be initiated as expeditiously as possible after the date of a conviction. *See Matter of Garcia-Reyes, supra*, at 832. We find that, as a practical matter, the purpose of this statute is circumvented if deportation proceedings, once promptly initiated by the Service, are unduly

---

[1] The record is missing various exhibits, such as the respondent's application for relief and the documentation relating to his criminal history. However, this material is not essential to our analysis.

delayed by an immigration judge. *Cf. Matter of Quintero*, 18 I&N Dec. 348, 350 (BIA 1982) (the prosecutorial discretion exercised by granting deferred action status, which may be requested at any stage of a deportation proceeding, is committed exclusively to the enforcement officials of the Service); *Matter of Yazdani*, 17 I&N Dec. 626, 630 (BIA 1981) (so long as the enforcement officials of the Service choose to initiate proceedings against an alien and to prosecute those proceedings to a conclusion, the immigration judge must go forward).

With regard to the immigration judge's apparent justification for the continuance in this matter, we acknowledge that confined aliens and those who have recently committed criminal acts will have a more difficult task in demonstrating rehabilitation than aliens who have committed the same offenses in the more distant past. *See Matter of Marin*, 16 I&N Dec. 581, 588 (BIA 1978). In any case involving discretionary relief, the timing of the issuance of an Order to Show Cause by the Service can have a significant effect on the circumstances relevant to the exercise of discretion. *Id.* at 589. However, this fact alone does not mandate that proceedings should be delayed so as to afford an alien a better opportunity to prove rehabilitation. *Id.*

Finally, we consider that, in essence, the immigration judge conditionally granted a section 212(c) waiver in this case. In particular, he stated that he would award that relief if, at the end of a year, he was convinced that the respondent had avoided further wrongdoing. We note, however, that there is no authority for the provisional grant of a waiver of inadmissibility. *See Matter of Przygocki*, 17 I&N Dec. 361 (BIA 1980).

While we are sympathetic to the desire of the immigration judge to fashion a fair result in this matter, the 1-year continuance was without "good cause." *See* 8 C.F.R. § 3.27 (1991). Accordingly, we will remand the record to the immigration judge so that he may schedule a prompt final session of the respondent's deportation hearing, at which he should resolve any outstanding issues and render a decision on the merits.

**ORDER:**   The record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion.