# MATTER OF ROCHA

## In Deportation Proceedings

### A-73086186

*Decided by Board January 6, 1995*

An alien is not deportable under section 241(a)(1)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1)(A) (Supp. V 1993), as an alien who was excludable at the time of entry pursuant to section 212(a)(2)(C) of the Act, 8 U.S.C. § 1182(a)(2)(C) (Supp. V 1993), where the examining immigration officer did not know or have reason to believe at the time the alien was inspected and admitted into the United States that he was an illicit trafficker in any controlled substance.

CHARGE:

Order: Act of 1952—Sec. 241(a)(1)(A) [8 U.S.C. § 1251(a)(1)(A)]—Excludable at entry under section 212(a)(2)(C) [8 U.S.C. § 1182(a)(2)(C)]—Controlled substance trafficker

ON BEHALF OF RESPONDENT:
Pro se

ON BEHALF OF SERVICE:
Flavio Escobar, Jr.
John D. Carte
General Attorneys

BY: Dunne, Acting Chairman; Vacca and Heilman, Board Members; Holmes, Alternate Board Member

In a decision dated May 25, 1994, an immigration judge determined that the respondent was not deportable on the charge set forth in the Order to Show Cause and Notice of Hearing (Form I-221) and entered an order terminating the deportation proceedings. The Immigration and Naturalization Service has appealed from that decision. The appeal will be dismissed.

The respondent is a 35-year-old native and citizen of Mexico. On April 29, 1994, the respondent was inspected and admitted to the United States as a nonimmigrant visitor for pleasure upon presentation of a border crossing card. The respondent was subsequently stopped at a traffic checkpoint where an immigration officer discovered 32 pounds of marijuana in the respondent's truck. The record reflects that the respondent was not prosecuted for possession of a controlled substance.

On May 3, 1994, the Service issued an Order to Show Cause against the respondent, charging him with deportability under section 241(a)(1)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1)(A) (Supp. V. 1993), as an alien who was excludable at the time of his entry under section 212(a)(2)(C) of the Act, 8 U.S.C. § 1182(a)(2)(C) (Supp. V. 1993), which relates to traffickers in controlled substances. The respondent appeared pro se at a deportation hearing conducted on May 17, 1994. The immigration judge expressed misgivings about the deportation charge filed in the respondent's case, but the Service elected to proceed under section 241(a)(1)(A), the only charge brought against the respondent.

Section 241(a)(1)(A) of the Act provides for the deportation from the United States of "[a]ny alien who *at the time of entry* or adjustment of status was within one or more of the classes of aliens excludable by the law existing at such time." (Emphasis added.) Section 212(a)(2)(C) of the Act, in turn, provides in pertinent part for the exclusion from the United States of "[a]ny alien who the consular or immigration officer *knows or has reason to believe is or has been an illicit trafficker* in any such controlled substance." (Emphasis added.)

At his deportation hearing, the respondent acknowledged that he was in possession of 32 pounds of marijuana when he was inspected and admitted into this country on April 24, 1994. Notwithstanding the respondent's concession, the immigration judge terminated the deportation proceedings, concluding that the Service could not use the "excludable at entry" charge to support an order of deportation where the respondent had not been convicted of a controlled substance offense. The immigration judge further concluded that the Service could not use the "reason to believe" clause of section 212(a)(2)(C) to support an order of deportation where the examining immigration officer had failed to detect the marijuana which the respondent possessed at the time of his inspection and admission. The Service's appeal followed.

On appeal, the Service argues that the immigration judge should have sustained the charge of deportability brought against the respondent under section 241(a)(1)(A) of the Act. The Service submits that the immigration judge erred in holding that the deportation charge could not be sustained because the examining immigration officer who inspected and admitted the respondent was unaware that the respondent was a "trafficker" at the time of his admission into the United States. The Service contends that the respondent's concession, subsequent to his entry, that he possessed 32 pounds of marijuana when he entered this country is sufficient to establish the charge of deportability under sections 241(a)(1)(A) and 212(a)(2)(C). Finally, the Service argues that the immigration judge erred in terminating the proceedings

without first requiring the respondent to plead to all of the allegations in the Order to Show Cause and the Additional Charges of Deportability (Form I-261).[1]

We observe initially that the Service has not disputed the fact that the respondent made an "entry" into the United States on April 24, 1994. *See* section 101(a)(13) of the Act, 8 U.S.C. § 1101(a)(13) (1988). The Service has also not disputed the facts that the examining officer had no reason to believe that the respondent had been or was an illicit trafficker at the time of his admission and that the officer did not attempt to exclude the respondent from the United States on that basis. Accordingly, the issue in this case comes down to whether a charge of deportability under section 241(a)(1)(A) of the Act can be sustained where the examining officer had no reason to believe the respondent was an "illicit trafficker" at the time he entered the United States.

It is well settled that in interpreting the provisions of the Act, the plain meaning of the words used in the statute should be applied. As the Supreme Court stated in *INS v. Cardoza-Fonseca*, 480 U.S. 421, 432 n.12 (1987), there is a "strong presumption that Congress expresses its intent through the language it chooses." *See also Matter of Lemhammad*, 20 I&N Dec. 316, 320-21 (BIA 1991). In the instant case, we find that the "plain language" employed in sections 241(a)(1)(A) and 212(a)(2)(C) of the Act compels the conclusion that the immigration judge's decision to terminate the deportation proceedings was correct.

As noted earlier, section 241(a)(1)(A) provides for the deportation of an alien who is excludable "at the time of entry." Section 212(a)(2)(C) correspondingly provides for the exclusion of an alien whom the examining officer "knows or has reason to believe is or has been an illicit trafficker." We agree with the immigration judge's position that the particular examining officer who inspected the respondent must in fact have known or suspected that the respondent was a trafficker at the time of his application for admission in order for the foregoing provisions to apply to the respondent's situation. It logically follows from the language employed in sections 241(a)(1)(A) and 212(a)(2)(C) that the examining officer's knowledge or suspicion that an alien is a trafficker must be contemporaneous with the alien's application for admission. Section 212(a)(2)(C) of the Act provides plainly that the examining officer "knows or has reason to believe" that the alien is a trafficker. Here, the examining officer did not "know" at the time of the respondent's entry that he was a trafficker,

---

[1] The Form I-261 amended certain factual allegations set forth in the Order to Show Cause.

nor did the examining officer articulate at that time a "reason to believe" that the respondent was a trafficker.

The Service construes section 212(a)(2)(C) as though it provided for the exclusion of an alien whom the examining officer "might have known" or "ought to have known" was a trafficker. The plain language employed in the statute does not support the Service's construction of this exclusion ground. We therefore reject the Service's attempt to broaden the scope of sections 241(a)(1)(A) and 212(a)(2)(C) through its assertions that these provisions allow for the deportation of an alien whom the examining officer did not in fact "know" or have "reason to believe" was a drug trafficker at the time of his entry.

The Service relies on *Nunez-Payan v. INS*, 811 F.2d 264 (5th Cir. 1987), as support for its argument that the respondent is deportable as an alien who was excludable at entry, notwithstanding the examining officer's unawareness of his trafficking activity. In *Nunez-Payan*, the alien made a false claim of United States citizenship in order to enter this country. He was subsequently stopped at a traffic checkpoint and found to be in possession of 1 pound of marijuana. The Service submits that "[i]n *Nunez-Payan*, it was not discovered that [the alien] was a drug trafficker until *after* he had entered into the United States, and similarly, the respondent was not discovered to be a trafficker until after he entered."

We find that *Nunez-Payan v. INS, supra,* is distinguishable from the respondent's case. The alien in *Nunez-Payan* was charged with deportability as an alien who had entered without inspection. The issue of his inadmissibility as a controlled substance trafficker arose as a result of his effort to demonstrate "good moral character" as defined by the Act. *Id.* at 266. The question of his inadmissibility as a drug trafficker accordingly became relevant only because the alien sought to apply for relief from deportation. The court's decision in *Nunez-Payan* therefore does not stand for the proposition that an alien who is discovered to be a trafficker after his entry may be deported as one who was excludable at the time of entry.[2] Furthermore, the Service has cited no cases in its brief which support the position that an alien who is found to be a trafficker following his admission is deportable under sections 241(a)(1)(A) and 212(a)(2)(C) of the Act. For authority contrary to the Service's position, see *Matter of M-*, 5 I&N Dec. 676 (BIA 1954).

Finally, we find no merit in the Service's argument that the immigration judge erred in not requiring the respondent to plead to all

---

[2] Of course, evidence that the respondent knowingly brought 32 pounds of marijuana into the country may serve as a basis for finding him inadmissible to the United States should he apply for admission or adjustment of status in the future.

of the allegations in the Order to Show Cause and Form I-261. The record reflects that the Service attorney raised no objection when the pleading took place before the immigration judge. We accordingly conclude that the Service waived this argument by not properly raising a timely objection.[3] *See Matter of Garcia-Reyes,* 19 I&N Dec. 830 (BIA 1988).

We find that the immigration judge properly construed the provisions of sections 241(a)(1)(A) and 212(a)(2)(C) of the Act and concur in his termination of the respondent's deportation proceedings. The Service's appeal will accordingly be dismissed.

**ORDER:** The appeal is dismissed.

---

[3] We note that the Service's argument also lacks merit because the immigration judge accepted all of the Service's allegations as true for the purpose of his decision. We too have assumed that all of the allegations relating to the respondent in the Order to Show Cause and Form I-261 are truthful.