**You–Mei DING Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**Docket No. 03–4915.**

United States Court of Appeals, Second Circuit.

Aug. 8, 2005.

Dennis Lan, Offices of Kangsun Yang, Flushing, NY, for Petitioner.

John C. Bruha, Assistant United States Attorney, for Margaret M. Chiara, United States Attorney for the Western District of Michigan, for Respondent.

Present: CALABRESI, RAGGI, Circuit Judges, and COTE,* District Judge.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be **DENIED.**

You–Mei Ding, a citizen of the People's Republic of China, petitions for review of an April 25, 2003 order of the Board of Immigration Appeals ("BIA"), which affirmed a March 29, 1999 decision of Immigration Judge, Jeffrey S. Chase ("IJ"), but disavowed remarks that the IJ had made during petitioner's hearing. The IJ had rejected petitioner's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3).

Petitioner sought asylum on the grounds that after the birth of his third child in China, government officials shut down his business and forcibly sterilized his wife. The IJ found petitioner incredible on the basis of his demeanor, significant discrepancies in his testimony, and the dubious authenticity of documents that petitioner submitted into evidence. On appeal, petitioner argues that he was deprived of notice and a fair hearing because the IJ conducted a full hearing when the petitioner only expected to file documents and because the IJ made remarks that betrayed his bias, prejudice, and hostility

---

* The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

toward the petitioner. In addition, petitioner contends that the IJ's adverse credibility finding was not supported by substantial evidence. None of these claims are availing, and the petition for review must accordingly be denied.

 Petitioner never objected to the unanticipated hearing at the time of the asylum proceeding and therefore, under BIA precedents, failed to preserve it for appeal. *See Matter of R–S–H et al.,* 2003 WL 21796206, 23 I. & N. Dec. 629, 638 (BIA 2003) ("[T]he record does not reflect that the respondent raised any objections to the attorneys' presence at the hearing. Therefore, the respondent waived his opportunity to pursue this issue on appeal."); *Matter of Garcia–Reyes,* 19 I. & N. Dec. 830, 832 (BIA 1988) ("It is clear that objections themselves should be made on the record, or such objections will not be preserved for appeal."). While it is an open question in our court whether an asylum applicant who raises an argument to the BIA that was not presented to the IJ satisfies the statutory exhaustion requirement, *see* 8 U.S.C. § 1252(d)(1); *Abimbola v. Ashcroft,* 378 F.3d 173, 180 (2d Cir. 2004), we need not resolve that issue in this case because the record fails, in any event, to demonstrate a due process denial. To the extent petitioner complains of inadequate notice, it appears undisputed that he had notice of the removal proceedings pending against him and of the date when that matter and his related asylum claim would be heard. It is further undisputed that, after the conclusion of the first hearing date, petitioner had notice of the date to which the hearing would be continued. His sole complaint, that he was misled into thinking that, on the continuance date, the hearing officer would receive only documents, not testimony, raises more a question of whether he was afforded a fair opportunity to be heard on the continuance

date than one of adequate notice. The fact that petitioner did not object to testifying on the continuance date and his inability to point to any evidence that he was unable to present as a result of the purported misinformation indicate that he was not denied a fair opportunity to be heard. To the extent petitioner argues that his unpreparedness on the continuance date rendered him less credible, the conclusion is not supported by the record. First, the continuance only involved a few weeks, from February 12, 1999 to March 29, 1999. Given petitioner's unquestioned preparedness to testify on the first date, it was hardly unreasonable for the IJ, in the absence of any objection, to assume that the petitioner was still prepared to testify on the continuance date. In any event, the problems with petitioner's credibility permeated his entire testimony and were not limited to his statements on March 29, 1999.

 With respect to petitioner's assertion that the IJ was not impartial, because the BIA specifically ruled that its decision to affirm the IJ's asylum denial did not rely on the comments to which petitioner objects, we need not address this point in reviewing the BIA order. Like the BIA, we conclude that the IJ's adverse credibility finding was independently based and substantially supported by the record evidence. Petitioner's story, both on the initial hearing date and on the continuance date, was riddled with fundamental, unexplained inconsistencies, beginning with, but not limited to, the stark divergence between his original application and his subsequent narrative. It is, moreover, clear from the record that these inconsistencies underlay the IJ's finding that petitioner was not credible, and did so quite apart from the IJ's extraneous comments. *See Zhang v. U.S. INS,* 386 F.3d 66, 73 (2d Cir.2004) (according "particular deference"

in applying the substantial evidence standard to credibility findings).

Accordingly, having considered all of petitioner's arguments and having found them to be without merit, the petition for review is DENIED.