For the foregoing reasons, the decision of the district court is AFFIRMED.

**Sokol HYSA, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 04–3162–AG.**

United States Court of Appeals, Second Circuit.

May 25, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Aleksander B. Milch, Christophe & Associates, P.C., New York, New York, for Petitioner.

William J. Leone, United States Attorney for the District of Colorado, Lisa A. Christian, Assistant United States Attorney, Denver, Colorado, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. RICHARD J. CARDAMONE, and Hon. DENNIS JACOBS, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Sokol Hysa, through counsel, petitions for review of a May 25, 2004 *per curiam* order of the BIA affirming the January 30, 2003 decision of Immigration Judge ("IJ")

Theresa Holmes–Simmons that denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") in asylum-only proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Hysa, a native and citizen of Albania, entered the United States with a, presumably fake, Austrian passport under the visa waiver program. *See* 8 U.S.C. § 1187; *Jean–Baptiste v. Reno*, 144 F.3d 212, 216 (2d Cir.1998) (describing visa waiver pilot program). Upon entry under this program he waived "any right to contest, other than on the basis of an application for asylum, any action" for his removal. 8 U.S.C. § 1187. When Hysa did apply for asylum, he was placed in asylum-only proceedings. 8 C.F.R. § 208.2(c)(iii). We have jurisdiction under 8 U.S.C. § 1252(a)(1) over Hysa's petition to review the BIA's final order. *See Kanacevic v. INS*, 448 F.3d 129, –– –– ––, slip op. at 4–9 (2d Cir.2006).

Where, as here, the BIA issues an opinion that summarily adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). The Court reviews questions of law and the application of law to fact *de novo*. *See Secaida–Rosales*, 331 F.3d at 307.

The IJ denied Hysa's asylum claim not only because she found that Hysa was incredible, but also because Hysa did not file his application within one year of entry into the United States, and did not demon-

strate changed or exceptional circumstances warranting his delay in filing. Because Hysa failed to raise the issue of the one-year bar finding before the BIA, that issue is unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

During petitioner's hearing, the IJ stated that petitioner was ineligible for the relief of withholding of removal, presumably because Hysa was in asylum-only proceedings, and Hysa's attorney failed to object. Later, the IJ failed to make a specific finding regarding petitioner's request for withholding of removal under Immigration and Nationality Act § 241(b)(3), 8 U.S.C. § 1231(b)(3). Although Hysa did not argue that this was an error, either to the BIA or to this Court, he did argue the merits of a withholding of removal claim. We need not determine whether Hysa preserved his argument under BIA precedent, *see, e.g., Matter of Garcia–Reyes,* 19 I. & N. Dec. 830, 832 (BIA 1988), or whether he exhausted his administrative remedies on this claim, 8 U.S.C. § 1252(d)(1), because Hysa cannot establish that he deserves withholding or removal in any case. The only evidence of a threat to Hysa's life or freedom depended on his credibility, and the adverse credibility determination in this case necessarily precludes success on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Since Hysa did not raise his CAT claim before the BIA his claim is unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Gill,* 420 F.3d at 86.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).