# Matter of Jose CASILLAS-TOPETE, Respondent

File A074 801 673 - Tucson, Arizona

*Decided August 24, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien is removable under section 237(a)(1)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(A) (2006), as one who was inadmissible at the time of entry or adjustment of status pursuant to section 212(a)(2)(C) of the Act, 8 U.S.C. § 1182(a)(2)(C) (2006), where an appropriate immigration official knows or has reason to believe that the alien is a trafficker in controlled substances at the time of admission to the United States. *Matter of Rocha*, 20 I&N Dec. 944 (BIA 1995), modified.

FOR RESPONDENT: Vikram K. Badrinath, Esquire, Tucson, Arizona

FOR THE DEPARTMENT OF HOMELAND SECURITY: Richard A. Phelps, Assistant Chief Counsel

BEFORE: Board Panel: FILPPU, PAULEY, and GREER, Board Members.

GREER, Board Member:

In a decision dated August 3, 2007, an Immigration Judge terminated the removal proceedings against the respondent. The Immigration Judge found that the Department of Homeland Security ("DHS") failed to establish that the respondent is removable under section 237(a)(1)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(A) (2006), as an alien who was inadmissible at the time of entry pursuant to section 212(a)(2)(C) of the Act, 8 U.S.C. § 1182(a)(2)(C) (2006), because the examining immigration officer did not know or have reason to believe that the respondent was a controlled substance trafficker. The DHS has appealed from that decision. The appeal will be sustained, and the record will be remanded to the Immigration Judge for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent, a native and citizen of Mexico, was admitted to the United States in February 1998 with a border crossing card. On March 28, 2002 he adjusted to the status of lawful permanent resident based on a visa

petition filed by his United States citizen spouse. On September 12, 2005, the respondent was convicted in Arizona of facilitation of the unlawful transportation of marihuana for sale. He was sentenced to 3 years of probation and was thereafter detained by the DHS. A Notice to Appear (Form I-862) was issued on September 28, 2005, charging that the respondent was deportable as an alien who had been convicted of both a crime involving moral turpitude and a controlled substances violation.

On October 11, 2005, the respondent was released from DHS custody. Apparently he left the country, because he was later admitted to the United States as a returning lawful permanent resident on August 6, 2006. The DHS then withdrew the original charges. Another charge was lodged under section 237(a)(1)(A) of the Act based on the respondent's alleged inadmissibility under section 212(a)(2)(C) at the time of his August 2006 admission. In support of the lodged charged, the DHS alleged that the respondent was apprehended on June 22, 2005, attempting to flee a Border Patrol checkpoint while driving a vehicle that he knew contained 40.65 pounds of marihuana. That apprehension was the basis for the respondent's 2005 conviction.

Citing *Matter of Rocha*, 20 I&N Dec. 944 (BIA 1995), the Immigration Judge found that the examining immigration officer at the port-of-entry on August 6, 2006, did not know or indicate a reason to believe that the respondent was an illicit trafficker in a controlled substance at the time he was inspected and admitted to the United States. The Immigration Judge concluded that the respondent could not be found removable by reason of being inadmissible as a suspected drug trafficker at entry without a showing that the particular examining officer who inspected him knew or suspected that he was a trafficker when he applied for admission.

## II.  ISSUE ON APPEAL

The principal issue on appeal is whether the Immigration Judge correctly determined that section 212(a)(2)(C) of the Act, as currently written, requires that the particular examining immigration officer had a "reason to believe" that the respondent was an illicit trafficker of controlled substances at the time of admission.

## III.  ANALYSIS

### A.  Statutory History

In *Matter of Rocha*, 20 I&N Dec. 944, we considered whether an alien could be found deportable under former section 241(a)(1)(A) of the Act,

8 U.S.C. § 1251(a)(1)(A) (Supp. V 1993),[1] as one who was excludable at the time of entry pursuant to section 212(a)(2)(C) of the Act, 8 U.S.C. § 1182(a)(2)(C) (Supp. V 1993), when the inspecting immigration officer did not know or have reason to believe that the alien was an illicit trafficker in a controlled substance. At that time, section 212(a)(2)(C) read as follows:

> Any alien who *the consular or immigration officer* knows or has reason to believe is or has been an illicit trafficker in any such controlled substance or is or has been a knowing assister, abettor, conspirator, or colluder with others in the illicit trafficking in any such controlled substance, is excludable.

(Emphasis added.)

In *Matter of Rocha*, the record demonstrated that the inspecting immigration officer who admitted the alien at the port-of-entry did not then "know" or articulate a "reason to believe" that he was a trafficker. Section 241(a)(1)(A) of the Act provided for the deportation of an alien who was excludable "at the time of entry," and section 212(a)(2)(C) correspondingly provided for the exclusion of an alien who the examining officer "knows or has reason to believe is or has been an illicit trafficker." We concluded that "the particular examining officer who inspected the respondent must in fact have known or suspected that the respondent was a trafficker at the time of his application for admission." *Matter of Rocha*, 20 I&N Dec. at 946. We observed that it logically followed from the language employed in sections 241(a)(1)(A) and 212(a)(2)(C) that "the examining officer's knowledge or suspicion that an alien is a trafficker must be contemporaneous with the alien's application for admission." *Id.*

Section 212(a)(2)(C) of the Act has been revised subsequent to our decision in *Matter of Rocha*. Specifically, in 1999, Congress amended section 212(a)(2)(C) to read as follows:

> Any alien who *the consular officer or the Attorney General* knows or has reason to believe—
>> (i) is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so . . .
> is inadmissible.

Intelligence Authorization Act for Fiscal Year 2000, Pub. L. No. 106-120, § 809, 113 Stat. 1606, 1632 (effective Dec. 3, 1999) (emphasis added).

---

[1] Former section 241(a)(1)(A) was subsequently recodified at section 237(a)(1)(A) of the Act.

Several years after that amendment, which made reference to the Attorney General in place of an immigration officer, Congress enacted additional legislation that impacted section 212(a)(2)(C) by extending the reference regarding the Attorney General to include the Secretary of Homeland Security. Homeland Security Act of 2002, Pub. L. No. 107-296, § 1517, 116 Stat. 2135, 2311 (enacted Nov. 25, 2002) (codified at 6 U.S.C. § 557 (2006)). In the wake of these statutory changes, we find that section 212(a)(2)(C) of the Act should be read to include any alien who *the consular officer, the Attorney General, or the Secretary of Homeland Security* knows or has reason to believe is or has been an illicit trafficker in any controlled substance.

### B.  Impact of Changes to Section 212(a)(2)(C) of the Act

The amendment to section 212(a)(2)(C) striking the term "immigration officer" and inserting "Attorney General" requires us to address congressional intent and the impact on our decision in *Matter of Rocha*, 20 I&N Dec. 944. In reaching our conclusion in that case, we specifically observed the well-settled rule that in interpreting the provisions of the Immigration and Nationality Act, the plain meaning of the words used in the statute should be applied. *Id.* at 946 (stating that "there is a 'strong presumption that Congress expresses its intent through the language it chooses'") (quoting *INS v. Cardoza-Fonseca*, 480 U.S. 421, 432 n.12 (1987)). If the statutory terms do not constitute a plain expression of congressional intent on their face, we must supply a reasonable interpretation of the language. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-44 (1984). The rules of statutory construction dictate that we take into account the design of the statute as a whole. *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988).

This case addresses whether the respondent can be found removable by reason of being inadmissible as a suspected drug trafficker at entry when the examining immigration officer did not know or indicate a reason to believe that the respondent was an illicit trafficker in a controlled substance. Here, DHS officers knew of the respondent's drug trafficking activity prior to the time he sought admission to the United States on August 6, 2006. He had already been placed in removal proceedings related to his controlled substances conviction, which were ongoing at the time he left the United States.

Applying our decision in *Matter of Rocha* to the amended statutory language of section 212(a)(2)(C) of the Act would frustrate Congress' intent by foreclosing a charge of removability in cases where an appropriate immigration official had "reason to believe" that the alien was an illicit trafficker in drugs based on information that was available and known by the official prior to, or contemporaneous with, the alien's admission to the

United States. Unlike the statute construed in *Matter of Rocha*, which referred to an immigration officer, the current version of section 212(a)(2)(C) would not reasonably be construed to require the Attorney General or the Secretary of Homeland Security to have personal knowledge that an alien is a suspected drug trafficker. The implementation of section 212(a)(2)(C), like that of many other provisions of the Act, is delegated to appropriate immigration officials acting on behalf of the Attorney General or the Secretary. Therefore it is not relevant under the terms of the statute that the inspecting immigration officer does not have access to information regarding the alien's trafficking if that information is known to other immigration officials. Thus, as long as the information was demonstrably known to an appropriate immigration official when the admission occurred, it can be relied on to sustain the charge.

Here, the DHS had already placed the respondent in proceedings as a result of his conviction, which forms the basis for the ground of removal under section 212(a)(2)(C) of the Act. Thus, the Immigration Judge could rely on the conviction to deem the respondent a suspected trafficker in controlled substances at the time he entered the United States. We emphasize, as we did in *Matter of Rocha*, that the conduct must predate or occur contemporaneously with the alien's admission and be demonstrably known or suspected by appropriate officials who are delegates of the Attorney General or the Secretary of Homeland Security.

## IV. CONCLUSION

Our decision in *Matter of Rocha* has been superseded by the statutory changes to section 212(a)(2)(C) of the Act and requires modification. Based on the amended language of that section, we hold that an alien is removable under section 237(a)(1)(A) of the Act as one who was inadmissible at the time of entry or adjustment of status pursuant to section 212(a)(2)(C) where an appropriate immigration official knows or has reason to believe that the alien is a trafficker in controlled substances at the time of admission to the United States.

Accordingly, the appeal will be sustained and the record will be remanded to the Immigration Judge to further address the charge that the respondent is removable under section 237(a)(1)(A) of the Act for having been inadmissible at the time of his entry pursuant to section 212(a)(2)(C).

**ORDER:** The appeal of the Department of Homeland Security is sustained.

**FURTHER ORDER:** The decision of the Immigration Judge is vacated, and the record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.