MATTER OF VICTORINO

In Deportation Proceedings

A-36110632

*Decided by Board June 30, 1982*

(1) Where a significant issue is presented concerning the jurisdictional authority of an immigration judge, the Board of Immigration Appeals may entertain an interlocutory appeal.

(2) The District Director may determine venue prior to the commencement of deportation proceedings, but after the issuance of an Order to Show Cause, jurisdiction to change venue lies with the immigration judge, whether or not the respondent has appeared for a hearing.

CHARGE:
Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)] and 241(c) [8 U.S.C. 1251(c)]—
In the United States in violation of law - obtained immigrant visa by fraud based on marriage entered into less than two years.

ON BEHALF OF RESPONDENT:
Robert Grant Wealleans, Esquire
Popkin, Shamir & Golan
5670 Wilshire Boulevard, Suite 1800
Los Angeles, California 90036

ON BEHALF OF SERVICE:
Leonard A. Rosenberg
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

The respondent appeals from a decision of the immigration judge dated January 15, 1982, denying her motion to change venue. The appeal will be sustained and the record will be remanded to the immigration judge.

As a general rule, the Board does not entertain appeals from interlocutory decisions rendered by immigration judges. *See Matter of Ruiz-Campuzano*, 17 I&N Dec. 108 (BIA 1979); *Matter of Ku*, 15 I&N Dec. 712 (BIA 1976); *Matter of Sacco*, 15 I&N Dec. 109 (BIA 1974). However, where a significant issue is raised which affects the administration of the immigration laws, we have accepted jurisdiction over the matter. *See Matter of Alphonse*, 18 I&N Dec. 178 (BIA 1981); *Matter of Wadas*, 17 I&N Dec. 346 (BIA 1980); *Matter of Seren*, 15 I&N Dec. 590 (BIA 1976); *Matter of Fong*, 14 I&N Dec. 670 (BIA 1974). Inasmuch as an important

259

question has been presented concerning the jurisdictional powers of the immigration judge and the District Director, we shall entertain this interlocutory appeal.

On September 21, 1981, the District Director in San Francisco issued an Order to Show Cause charging the respondent with deportability. The respondent, who has previously moved to the Los Angeles area, retained counsel in that location. The record reflects that the respondent's attorney first requested a change of venue prior to November 17, 1981, the date on which the respondent had been notified to appear for deportation proceedings. This request was denied by the District Director in a letter dated November 24, 1981, at which time the hearing was rescheduled for February 4, 1982. After further correspondence on the matter, the respondent filed a motion for change of venue to the immigration judge on December 10, 1981, arguing that the District Director had no jurisdiction to deny a change of venue after issuance of the Order to Show Cause.

The immigration judge denied the motion, concluding that he lacked jurisdiction to adjudicate the request to change venue because the deportation hearing had not yet commenced. In reaching this decision, he distinguished the Board's ruling in *Matter of Seren, supra*, where we held that an immigration judge alone has authority to change venue after the commencement of deportation proceedings. Noting that in *Matter of Seren* the motion was submitted at the hearing, the immigration judge determined that he did not have jurisdiction over venue questions until the hearing had commenced.

The immigration judge's interpretation of *Matter of Seren* is incorrect. In that case we stated that the District Director may determine venue prior to the commencement of deportation proceedings, but that once jurisdiction vests in the immigration judge, the District Director no longer has any authority to decide whether venue should be changed. The regulations clearly state that proceedings are commenced by the issuance and service of an Order to Show Cause by the Service. *See* 8 C.F.R. 242.1(a). Furthermore, as a practical matter, we see no reason to require the respondent to appear at a hearing in order to request a venue change, since the time and expense involved may be unnecessary if the request is granted. After the issuance of an Order to Show Cause, jurisdiction to change venue lies with the immigration judge, whether or not the respondent has appeared for a hearing. The letter from the District Director of November 24, 1981, denying the respondent's request for change of venue is of no effect since he lacked jurisdiction over the question of venue at that time. Consequently, the immigration judge should have heard the respondent's motion and ruled on the merits of the request for venue in the exercise of his discretion. Accordingly, we shall remand the record to the immigration judge for futher proceed-

ings consistent with this opinion.

ORDER: The record is remanded to the immigration judge for further proceedings.