# MATTER OF RAHMAN

## In Exclusion Proceedings

## A-70105032

*Decided by Board May 12, 1992*

(1) An immigration judge's discretion to change venue in exclusion and deportation proceedings is subject to the existence of good cause for such a change, and good cause is determined by balancing the relevant factors, including administrative convenience, expeditious treatment of the case, location of witnesses, cost of transporting witnesses or evidence to a new location, and factors commonly associated with the alien's place of residence.

(2) While factors commonly associated with an applicant's place of residence are relevant to the question of proper venue, the mere fact that an applicant in exclusion proceedings allegedly resides or wishes to reside in another city, without a showing of other significant factors associated with such residence, is insufficient cause to outweigh the Immigration and Naturalization Service's opposition to a motion for change of venue, particularly where the Service has demonstrated that it would be prejudiced by such a change.

(3) The Government is not required to accommodate the applicant's choice of a distant attorney and his acquisition of an interpreter by changing venue at considerable expense, especially where there is no showing that local counsel is unavailable or that an interpreter cannot otherwise be obtained.

(4) An immigration judge's order changing the venue of the hearing does not necessarily affect the place where the alien may be detained, because an immigration judge has no authority over the place of detention.

(5) An immigration judge may grant a change of venue only upon motion by one of the parties and only after the other party has been given notice and an opportunity to respond.

EXCLUDABLE: Act of 1952—Sec. 212(a)(5)(A)(i) [8 U.S.C. § 1182(a)(5)(A)(i)]—No valid labor certification

Sec. 212(a)(6)(C)(i) [8 U.S.C. § 1182(a)(6)(C)(i)]—Fraud or willful misrepresentation of a material fact

Sec. 212(a)(7)(A)(i)(I) [8 U.S.C. § 1182(a)(7)(A)(i)(I)]—No valid immigrant visa

ON BEHALF OF APPLICANT:
David L. Amkraut, Esquire
201 North Figueroa Street, Suite 700
Los Angeles, California 90012

ON BEHALF OF SERVICE:
Dean A. LeVay
District Counsel
David M. Dixon
Appellate Counsel

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

On November 7, 1991, an immigration judge ordered that venue in this case be changed from Phoenix, Arizona, to Los Angeles, California. The Immigration and Naturalization Service has appealed.[1] The appeal will be sustained, and the record will be remanded to the immigration judge.

This appeal is interlocutory. In order to avoid a piecemeal approach to the many issues that may arise in the course of an exclusion or deportation proceeding, this Board does not ordinarily entertain interlocutory appeals. *See Matter of Ruiz-Campuzano*, 17 I&N Dec. 108 (BIA 1979); *Matter of Ku*, 15 I&N Dec. 712 (BIA 1976); *Matter of Sacco*, 15 I&N Dec. 109 (BIA 1974). However, we have on occasion ruled on the merits of an interlocutory appeal where we deemed it necessary to address important jurisdictional questions regarding the administration of the immigration laws, or to correct recurring problems in the handling of cases by immigration judges. *See. e.g.*, *Matter of Guevara*, 20 I&N Dec. 238 (BIA 1990, 1991), and cases cited therein. In the instant case, the Service has shown the existence of many similar cases involving a recurring problem in the handling of certain motions to change venue in exclusion cases. We find consideration of this appeal appropriate.

The applicant in this case arrived at a port of entry to the United States in Los Angeles, California, on September 7, 1991, with an altered passport. He was issued a charging document, the Notice to Applicant for Admission Detained for Hearing Before Immigration Judge (Form 1-122), alleging that he had no valid entry documents, that he had committed fraud in an attempt to procure entry, and that he intended to enter the United States to perform labor without proper authorization.

In the judgment of the district director, there was insufficient detention space available to detain the applicant in the Los Angeles area. Therefore, the Service transferred the applicant and a number of others to a detention facility in Florence, Arizona, and filed the charging document with the Office of the Immigration Judge in Phoenix, Arizona.

Later, the applicant, through counsel, filed a motion to change venue to Los Angeles. The motion stated that the applicant's counsel of choice, his witnesses, and an interpreter would be available in Los Angeles, but not in Arizona. However, no witnesses were specified, nor

---

[1] The Service's request to consolidate the appeal with seven similar cases is denied for reasons of administrative convenience peculiar to the cases.

was the nature of their possible testimony specifically indicated, nor was there any allegation that the applicant was unable to obtain counsel to represent him in Phoenix, Arizona. The motion did include an address in Los Angeles where the applicant could be reached, as the regulations required. 8 C.F.R. § 3.19(c) (1991).[2] The address given, however, was simply that of the applicant's attorney. There was no evidence that the applicant himself had ever resided anywhere in the United States and there was apparently no specific indication of where he might reside if released. In any event, at the time of the motion, he was still detained in the custody of the Service.

The Service opposed the applicant's motion. Counsel for the Government argued that there was no good cause for the change of venue, and that granting the motion would require the Service either to transport the applicant, under guard, for hundreds of miles to his hearing and back again at considerable expense or, in the alternative, to release him on parole under 8 C.F.R. § 212.5 (1991), with little or no assurance that he would later appear for his hearing. The Service presented specific evidence of prior cases in which similar changes of venue had been substantially prejudicial to the Government due to transportation and detention costs and the risk of flight from custody involved in such an operation.

However, the immigration judge granted the applicant's motion and, in a brief form order, ordered a change of venue to Los Angeles, "in order to permit respondent [sic] to defend himself/herself in the area in which he/she resides." The Service represents that the immigration judge also stated his reasons orally as follows: "The Applicant landed at Los Angeles, has no connections at Florence, Arizona [the place of detention], and wants to go to Los Angeles."

On appeal, the Service argues that the immigration judge erred by changing venue in this case without a proper finding of good cause, where the Government had demonstrated that it would be prejudiced by such a change. We agree.

An immigration judge's discretion to change venue in both exclusion and deportation cases is subject to the existence of good cause for such a change. 57 Fed. Reg. 11,568, 11,572 (1992) (to be codified at 8 C.F.R. § 3.20) (interim Apr. 6, 1992) (an immigration judge may change venue for good cause only upon motion by one of the parties and only after the other party has been given notice and an opportunity to respond).[3] Good cause is determined by balancing the

---

[2] This requirement is retained under newly revised regulations governing changes of venue. *See* 57 Fed. Reg. 11,568, 11,572 (1992) (to be codified at 8 C.F.R. § 3.20) (interim Apr. 6, 1992).

[3] Prior regulations in effect at the time of the order below authorized an immigration

factors we have found relevant to the venue issue. *See Matter of Rivera*, 19 I&N Dec. 688 (BIA 1988); *Matter of Velasquez*, 19 I&N Dec. 377 (BIA 1986) (relevant factors include administrative convenience, expeditious treatment of the case, location of witnesses, and cost of transporting witnesses or evidence to a new location); *see also Maldonado-Perez v. INS*, 865 F.2d 328 (D.C. Cir. 1989); *La Franca v. INS*, 413 F.2d 686 (2d Cir. 1969).

In the instant case, the immigration judge's order was perfunctory and showed no evaluation or balancing of the factors we have found relevant to a finding of good cause for a change of venue. We note that a brief statement of the reasons for an immigration judge's decision to grant or deny a change of venue over the objection of one of the parties would assist this Board in reviewing the decision and determining whether good cause exists. We have required such a statement in other contexts. *See, e.g., Matter of Correa*, 19 I&N Dec. 130 (BIA 1984) (immigration judge should state reasons for denial of motion to reopen to allow meaningful review by the Board); *Matter of Daryoush*, 18 I&N Dec. 352 (BIA 1982) (district director should provide reasons for bond determination to facilitate meaningful review). Here, no statement showing a balancing of the relevant factors was given, despite the Service's oral and written opposition to the motion and its showing of prejudice, as noted above. Upon review, we must conclude that no good cause for a change of venue existed.

Moreover, the reasons the immigration judge expressed for his order were not altogether appropriate under the circumstances. First, the place where an applicant happens to attempt to enter the United States, in and of itself, may have little, if any, significance to the question of where venue should lie in an exclusion proceeding. The alien cannot select a venue by deciding where to attempt to enter the United States. The venue question is rather entrusted in the first instance to the discretion of the district director, who files the charging document in the venue selected. *Matter of Victorino*, 18 I&N Dec. 259 (BIA 1982); 8 C.F.R. § 103.1(n)(1) (1992). Thereafter, the presiding immigration judge should not order a change of venue without a proper finding of good cause, as we have observed above.

Second, the immigration judge's order in this case focused upon the applicant's lack of connections to the place where he was detained. However, the question of where the applicant should be detained was not at issue. The issue upon a motion to change venue is rather where future hearings in the case shall take place. Accordingly, an order changing venue in a given case does not require the Service to change

---

judge to change venue for good cause either upon motion by one of the parties or upon his own authority, and notice to the other party was not specifically required.

the place where the applicant is detained. The place of detention is a subject over which the immigration judge has no authority in an exclusion proceeding.[4]

Third, there was no evidence in this case that the applicant actually resided in Los Angeles, contrary to what the immigration judge's form order suggests. Moreover, while the factors commonly associated with the applicant's place of residence may be relevant to the question of proper venue, the mere fact that an applicant allegedly resides or wishes to reside in another city, without a showing of other significant factors associated with such residence, is insufficient cause to outweigh the Service's opposition to a motion for change of venue, particularly where the Service has demonstrated that it would be prejudiced by such a change. *See Matter of Rivera, supra; cf. Chlomos v. INS,* 516 F.2d 310 (3d Cir. 1975) (deportation proceedings; residence already established prior to arrest).

Finally, there is no specific evidence in this case that the applicant himself would be prejudiced by proceeding with his hearing in Phoenix, Arizona. He argued, through counsel, that his counsel of choice and an interpreter would not be available in Phoenix. However, there is no evidence of any longstanding attorney-client relationship here, nor is there any persuasive evidence that the applicant could not have retained counsel and made arrangements for an interpreter to assist him in Phoenix. As the Service points out, Phoenix is a metropolitan area of about 2 million residents, with an experienced immigration bar. The Government is not required to accommodate the applicant's choice of a distant attorney and his acquisition of an interpreter by changing venue at considerable expense, especially where there is no showing that local counsel is unavailable or that an interpreter cannot otherwise be obtained. *See* section 292 of the Act, 8 U.S.C. § 1362 (1988) (alien may select attorney of choice, but at no expense to the Government); *see also El Rescate Legal Services v. EOIR,* 959 F.2d 742 (9th Cir. 1992) (interpreters); *Sasso v. Milhollan,* 735 F. Supp. 1045 (S.D. Fla. 1990). We note that for purposes of the

---

[4]The immigration judge can change the venue of the hearing in cases where the alien is detained. *Matter of Dobere,* 20 I&N Dec. 188 (BIA 1990). However, the place of detention is a separate question entrusted to the sound discretion of the Service, the agency explicitly charged with the statutory duty to control and guard the boundaries of the United States. *See* section 103(a) of the Act, 8 U.S.C. § 1 103(a) (1988); *see also* 8 C.F.R. §§ 212.5, 235.3(b) (1992); *Sasso v. Milhollan,* 735 F. Supp. 1045 (S.D. Fla. 1990); *Committee of Central American Refugees v. INS,* 682 F. Supp. 1055 (N.D. Cal. 1988); *Ledesma-Valdez v. Sava,* 604 F. Supp. 675 (S.D.N.Y. 1985); *Louis v. Nelson,* 544 F. Supp. 973, 983-84 n.27 (S.D. Fla. 1982), *rev'd in part on other grounds, sub nom. Jean v. Nelson,* 727 F.2d 957 (11th Cir. 1984), *aff'd,* 472 U.S. 846 (1985).

hearing itself, interpreters are provided by the Government. *See Matter of Exilus*, 18 I&N Dec. 276 (BIA 1982).

In view of the foregoing, the interlocutory appeal will be sustained.

**ORDER:** The appeal by the Immigration and Naturalization Service is sustained, and the order of the immigration judge is vacated.

**FURTHER ORDER:** The record is remanded to the immigration judge.