**Perfecto OROZCO–GARCIA,**
**Petitioner,**

v.

**Alberto GONZALES,\* Attorney**
**General, Respondent.**

No. 03–71429.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 22, 2005.

Jorge I. Rodriguez–Choi, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**312**

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ari Nazarov, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

MEMORANDUM ***

Perfecto Orozco–Garcia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' summary affirmance without opinion of an Immigration Judge's ("IJ") denial of his request for a continuance and change of venue and his application for suspension of deportation. We have partial jurisdiction pursuant to former 8 U.S.C. § 1105a(a). *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review the IJ's decision as the final agency determination. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for abuse of discretion the decision to deny a continuance and change of venue, *Baires v. INS,* 856 F.2d 89, 91–92 (9th Cir.1988), and we review due process contentions de novo, *Munoz v. Ashcroft,* 339 F.3d 950, 955 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

■ The IJ did not abuse his discretion in denying Orozco–Garcia's request for a continuance because Orozco–Garcia's statement that he had been unable to secure counsel within his means did not es-

tablish good cause. *See Vides–Vides v. INS,* 783 F.2d 1463, 1470 (9th Cir.1986). Moreover, the IJ did not abuse his discretion in denying Orozco–Garcia's request for a change of venue because Orozco–Garcia failed to show that his residence had changed, that he would otherwise be unable to present evidence, or that he had hired counsel in San Francisco. *See generally Matter of Rahman,* 20 I. & N. Dec. 480, 482–83 (BIA 1992).

Because the IJ did not abuse his discretion by denying Orozco–Garcia a continuance or change of venue, Orozco–Garcia's due process contention fails. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (noting that an alien must show error to prevail on a due process challenge).

■ Further, we lack jurisdiction to consider Orozco–Garcia's contention that the IJ failed to advise him of the consequences of withdrawing his asylum application, because Orozco–Garcia failed to raise this issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (noting that exhaustion is mandatory and jurisdictional).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), Orozco–Garcia's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.