# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2009

Charles R. Fulbruge III
Clerk

No. 09-60029
Summary Calendar

EFREN EDUARDO ROBLEDO-AMAYA

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 752 464

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Efren Eduardo Robledo–Amaya, a native and citizen of Mexico, petitions this court for review of an order of the Board of Immigration Appeals (BIA) affirming the denial of his motions for change of venue and continuance of proceedings to apply for adjustment of status. We deny his petition.

Robledo entered the country without permission in February 1986 and resided with his family in California. He was served with a Notice to Appear in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

September 2008 and charged with removability pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(6)(A)(i). Robledo filed, through counsel, a motion to change venue from El Paso, Texas, to Lancaster, California. In that motion, he admitted all of the government's factual allegations and conceded removability, designating Mexico as the country for removal. He claimed as relief from removal that he would apply for adjustment of status through his United States citizen wife; cancellation of removal under INA § 240A(b); and, alternatively, voluntary departure.

Before an immigration judge (IJ), Robledo admitted that he had been convicted of possession of cocaine while in California. He moved for a continuance to permit his wife's petition for alien relative ("I-130") to be processed and to enable him to file a request to expunge the conviction. The IJ denied the motions to change venue and for a continuance. The IJ found that Robledo's conviction for possession of cocaine rendered him inadmissible and ineligible for waiver of inadmissibility. According to the IJ, the conviction also left Robledo ineligible for adjustment of status. The IJ found that Robledo's goal of expunging his conviction was irrelevant because no petition to expunge had actually been filed. The IJ further determined that the cocaine possession conviction rendered Robledo ineligible for cancellation of removal under INA § 240A(b), 8 U.S.C. § 1129b(b). Because Robledo reserved his right to appeal, the IJ did not consider Robledo's alternative request for voluntary departure; Robledo was ordered removed to Mexico.

On appeal, the BIA affirmed the IJ's decision to deny a change of venue and continuance. The BIA found that Robledo was not eligible for waiver and that he had not demonstrated good cause for a continuance because he had not even filed a petition to expunge his cocaine possession conviction. However, the BIA determined that Robledo was eligible for 60 days' voluntary departure. This court subsequently denied as moot Robledo's motion for stay of deportation

2

pending review.  Robledo now petitions us for review of the BIA's decision.

We have jurisdiction to review the BIA's affirmance of the IJ's denial of a continuance.  *See Manzano–Garcia v. Gonzales*, 413 F.3d 462, 466–67 (5th Cir. 2005) (per curiam).  We limit our review to the BIA's decision, considering the IJ's decision only to the extent it influenced the BIA.  *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).  We review a decision denying a continuance for abuse of discretion.  *Witter v. INS*, 113 F.3d 549, 555 (5th Cir. 1997).  Similarly, we review a decision regarding venue for abuse of discretion.  *Chow v. INS*, 12 F.3d 34, 39 (5th Cir. 1993).  Under the abuse of discretion standard of review, we "must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."  *Gomez–Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009) (citing *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006)).

We find no abuse of discretion in the denial of Robledo's motion for continuance.  An IJ "may grant a continuance for good cause shown," 8 C.F.R. 1003.29, and the alien bears the burden of demonstrating good cause, *Bright v. INS*, 837 F.2d 1330, 1332 (5th Cir. 1988) (per curiam).  Robledo claims that a continuance was needed to allow the I-130 to be processed and the petition for expungement to be granted.  However, Robledo's conviction renders him inadmissible, INA § 212(a)(2)(A), 8 U.S.C. § 1182(a)(2)(A),  ineligible for waiver, INA § 212(h), 8 U.S.C. § 1182(h), and ineligible for adjustment of status, INA § 245(i), 8 U.S.C. § 1255(i).  In addition, expungement of the conviction would not affect his ineligibility for admission or adjustment of status under these petitions.  *See Renteria–Gonzales v. INS*, 322 F.3d 804, 812–13 (5th Cir. 2002).  Because Robledo has failed to demonstrate eligibility for adjustment of status, he has also failed to show good cause for a continuance.  *See Ahmed v. Gonzales*, 447 F.3d 433, 438–39 (5th Cir. 2006).

Nor was the denial of Robledo's motion for change of venue an abuse of discretion. An IJ may order a change of venue on motion for "good cause." 8 C.F.R. § 1003.20(b). "Good cause is determined by balancing the factors . . . relevant to the venue issue." *Matter of Rahman*, 20 I. & N. Dec. 480, 482–83 (BIA 1992). Such factors include administrative convenience, expeditious treatment of the case, location of witnesses, and costs of transporting witnesses or evidence to a new location. *Id.* (citing *Matter of Velasquez*, 19 I. & N. Dec. 377 (BIA 1986)). Robledo maintains that he intends to call his family members at a hearing on his adjustment of status, and venue would therefore be appropriate in California, where his family resides. However, Robledo's conviction bars him from relief, and he is consequently not entitled to a hearing at which witnesses would be called. *See Matter of Chow*, 20 I. & N. Dec. 647, 652 (BIA 1993), *aff'd*, *Chow*, 12 F.3d 34.

Robledo claims that he would be entitled to a hearing in California, where expungement of his conviction would lift the conviction as a bar for immigration purposes. *See Lujan–Armendariz v. INS*, 222 F.3d 728, 749 (9th Cir. 2000). This argument is unavailing because Robledo must first make out a prima facie case of eligibility for relief to obtain a change of venue. *See Matter of Chow*, 20 I. & N. Dec. at 652. Whether he might prevail under the law of another jurisdiction has no bearing on his present ineligibility, and it was no abuse of discretion to apply the law where removal proceedings took place. *See* INA § 242(b)(2), 8 U.S.C. § 1252(b)(2); *Ballesteros v. Ashcroft*, 452 F.3d 1153, 1155 (10th Cir. 2006).

Finally, Robledo asserts that the matter should be remanded now that his I-130 has been approved and his conviction has been expunged. These are matters beyond the administrative record, and we may not consider them. *See* INA § 242(b)(4)(A), 8 U.S.C. § 1252(b)(4)(A).

Robledo's petition is without merit, and it is DENIED.