# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2012

Lyle W. Cayce
Clerk

No. 12-60315
Summary Calendar

MENG FEI YE,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 352 527

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Meng Fei Ye, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals's (BIA) decision to dismiss his appeal from the Immigration Judge's (IJ) orders denying his motion for a change of venue and applications for asylum, withholding of removal, and withholding of removal under the (CAT). He contends that the IJ abused its discretion by denying his motion for a change of venue, the BIA's and IJ's adverse credibility determinations are not supported by substantial evidence,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and the IJ violated his due process rights by expressing a personal bias against him.

The IJ cited administrative convenience and expeditious treatment of the case as reasons for denying Ye's motion for a change of venue from San Antonio, Texas, to New York, New York. While it may have been more convenient and cost-effective for Ye to attend immigration proceedings where he lived, Ye has not explained how witnesses in New York would have provided probative testimony. Accordingly, Ye has not shown that the IJ abused its discretion by determining that Ye failed to demonstrate good cause for changing the venue. *See Chow v. INS*, 12 F.3d 34, 39 (5th Cir. 1993); *In re Rahman*, 20 I. & N. Dec. 480, 482-83 (BIA 1992).

The adverse credibility determinations are supported by the inconsistencies between Ye's interviews with immigration officials, applications for immigration relief, and testimony at the merits hearing. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The crux of Ye's claims for immigration relief was that he had been persecuted and was likely to be persecuted or tortured in the future for being a Christian and participating in unauthorized religious activities. Yet Ye gave inconsistent statements regarding his reason for coming to the United States and whether he feared returning to China, omitted evidence of past persecution, and gave differing explanations for the inconsistencies. In addition, Ye admitted to lying to immigration officials. Ye's explanations for the inconsistencies do not compel the conclusion that no reasonable trier of fact could have found him incredible. *See Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009). Because the credibility determinations withstand review, substantial evidence supports the decision to deny Ye's asylum, withholding of removal, and CAT claims. *See Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005).

Ye contends that the IJ expressed a personal bias against him by commenting that the area in China that Ye came from "has an incredibly high rate of people coming to the United States," that he lacked advanced education,

No. 12-60315

and that he was the eldest son of the family.  These comments do not reflect a level of antagonism that would make fair judgment impossible.  *See Wang*, 569 F.3d at 541.  Rather, for the most part, they reflect the IJ's observation that Ye's testimony was incredible in light of the other evidence in the record.  Ye has failed to establish a due process violation.

Ye's petition for review is DENIED.