# Matter of I-B-M-S-, et al., Respondents

*Decided May 19, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  The closer in time a change of venue request is made to an individual hearing, the less likely it is a party will be able to establish good cause. *Matter of Rahman*, 20 I&N Dec. 480 (BIA 1992), followed.

(2)  Off-the-record dialogue in immigration proceedings should be limited, and the Immigration Judge must provide a true and complete summary of any off-the-record discussion.

(3)  An Immigration Judge must act as a neutral and impartial arbiter, and the obligation of neutrality extends equally to an Immigration Judge's treatment of both parties.

FOR THE RESPONDENTS:  Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Christian Pasciak, Assistant Chief Counsel

BEFORE:  Board Panel:  OWEN and GALLOW, Appellate Immigration Judges; PICOS, Temporary Appellate Immigration Judge.

OWEN, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") has filed an interlocutory appeal from the Immigration Judge's December 12, 2025, decision granting the respondents' motion to change venue.  The respondents have not responded to the appeal.  The Board generally does not entertain interlocutory appeals. *Matter of M-D-*, 24 I&N Dec. 138, 139 (BIA 2007).  However, given the circumstances in this case, we find it appropriate to exercise our jurisdiction over the interlocutory appeal.  The appeal will be sustained.  The Immigration Judge's December 12, 2025, decision will be vacated, and the record will be remanded to the Immigration Court in Boston, Massachusetts, for further proceedings.

The respondents are natives and citizens of Brazil who entered the United States without inspection on or about June 29, 2022, near El Paso, Texas.  The proceedings commenced with the filing of notices to appear in August 2022 with the Boston Immigration Court.  The respondents were scheduled for and appeared at two master calendar hearings at the Boston

Immigration Court on April 26, 2023, and August 21, 2024. The respondents filed a Form EOIR-33, Change of Address Form, in August 2024 and November 2025, but their new addresses were in the same city and had the same zip code as their initial address listed on the notices to appear. The respondents were scheduled for an individual hearing at the Boston Immigration Court on December 12, 2025. They appeared for this hearing via video conference and were represented by counsel.

At the beginning of the individual hearing, the Immigration Judge asked respondents' counsel if they would be seeking a change of venue or proceeding with the scheduled hearing. Respondents' counsel indicated they wished to proceed with the scheduled hearing. After direct examination commenced, respondents' counsel requested a recess. The Immigration Judge engaged in an off-the-record conversation with the parties. According to the Immigration Judge's summary of the off-the-record discussion, it related to asylum derivation issues and the respondents' ability to request a change of venue. Respondents' counsel subsequently made an oral motion to change venue to Chelmsford, Massachusetts. Counsel for DHS opposed the motion, noting that no reason was provided in support of the motion and that it would be a waste of judicial resources to change venue given that testimony had already begun. Respondents' counsel then indicated that the motion to change venue was requested because the family has a young child and because of unspecified difficulties in their case. The Immigration Judge granted the respondents' motion over DHS' objection, relying solely on the fact that the zip code for the respondents' address corresponded with the Chelmsford Immigration Court.

On appeal, DHS argues that the Immigration Judge erred by granting the change of venue without properly assessing whether good cause was shown. For the reasons discussed below, we agree. Upon our de novo review, we will reverse the Immigration Judge's decision granting the venue change. 8 C.F.R. § 1003.1(d)(3)(ii) (2026).

An Immigration Judge may, for good cause, order a change of venue upon motion by one of the parties and only after the other party has been given notice and an opportunity to respond to the motion. 8 C.F.R. § 1003.20(b) (2026). Determining whether good cause has been shown requires an Immigration Judge to balance relevant factors including administrative convenience, expeditious treatment of the case, the location of witnesses, cost of transporting witnesses or evidence to a new location, factors commonly associated with the alien's place of residence, and the position of the opposing party. *Matter of Rahman*, 20 I&N Dec. 480, 482–84 (BIA 1992).

While no single factor is dispositive when determining whether good cause has been shown, the significance of each factor will vary depending on the facts and circumstances of a given case. When considering expeditious treatment of the case, the significance of this factor depends, in large part, on when the request for change of venue is made. The weight accorded to this specific factor increases as the proceedings progress. As a result, circumstances that may have warranted a change of venue at an early stage of proceedings may be insufficient to establish good cause at a later stage, such as when the individual hearing has been scheduled or already commenced. When considering a request for a change of venue, an Immigration Judge must consider how long a case has been pending, the number of hearings previously held, and at what stage of the proceedings a party is making the request. The closer in time a change of venue request is made to an individual hearing, the less likely it is a party will be able to establish good cause for a change of venue given the need for expeditious treatment of the proceedings and the potential prejudice to the nonmoving party. Absent extraordinary circumstances, venue should not be changed the day of an individual hearing.

In the instant case, the Immigration Judge's order reflects no evaluation or balancing of the factors that we have previously found to be relevant to a finding of good cause for a change of venue. *See id.* Here, the relevant factors include the extensive history of the case with the Boston Immigration Court, the need for expeditious treatment of the case, the ability of the respondents to appear via video conference, the undue delay in these proceedings caused by such a change in venue after direct examination had commenced, and DHS' opposition to the motion. The sole reason the Immigration Judge identified for granting the respondents' request was their zip code, which had not changed since the commencement of proceedings and, standing alone, was insufficient to establish good cause. While the factors associated with the respondents' place of residence may be relevant to the question of proper venue, the mere fact that the respondents reside in a zip code corresponding with another court is insufficient cause to outweigh the other significant factors that militate against changing venue at this late stage of proceedings, including DHS' opposition and the need for expeditious treatment of the case. *See id.* at 484.

We further observe that there is no specific evidence in this case showing that the respondents would have been prejudiced by proceeding with their hearing at the Boston Immigration Court, which was already in progress. There is no showing that this was not a reasonably convenient venue for the respondents or their counsel, considering they previously appeared in that court on multiple occasions, both in person and via video conference, and

had not previously requested a change of venue. While the respondents asserted that a change of venue was necessary because they have a young child and because they faced difficulties in their case, they did not identify what those difficulties were or explain why these circumstances warranted a change of venue at this stage of the proceedings, particularly since the merits hearing had already commenced. Upon consideration of the totality of the circumstances, we conclude the Immigration Judge erred in granting a change of venue after the commencement of direct examination, over DHS' objection, and without balancing all relevant factors. We will vacate the Immigration Judge's order granting the change of venue and transfer venue back to the Boston Immigration Court.

We separately address the issue of off-the-record discussions. Immigration Judges must maintain and preserve a thorough and complete record of the proceeding. *See* section 240(b)(4)(C) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229a(b)(4)(C) (2024). Immigration Judges should therefore limit off-the-record dialogue. On rare occasions, an Immigration Judge may permit off-the-record dialogue during Immigration Court proceedings when necessary for the appropriate consideration of issues relevant to the case. However, fundamental fairness requires that both parties be present for any off-the-record discussion and that the Immigration Judge provide, on the record, a true and complete summary of the off-the-record discussion. As appropriate, the parties shall be given the opportunity to add to or amend the summary of any off-the-record discussion. These practices ensure that a complete record is preserved in accordance with fair hearing principles and to enable meaningful appellate review.

In the instant case, the Immigration Judge erred in failing to fully describe and memorialize the off-the-record conversation that took place during the individual hearing. This is especially important in this case, where the Immigration Judge only generally referenced asylum derivation issues and then invited respondents' counsel to make an oral motion to change venue. The record is devoid of any connection between derived asylum eligibility and the request for a change of venue. When asked by DHS to explain why she was granting the motion, the Immigration Judge only identified the respondents' zip code as the basis for her order. The lack of a full and complete summary of the off-the-record conversation hampers our review of the Immigration Judge's decision. Combined with the absence of any meaningful discussion of the factors relevant for a change of venue, it also leaves us with the impression that the Immigration Judge relied solely on equitable considerations when granting the motion. This is further supported by the Immigration Judge's curious statement that she "often defers to

respondents' counsels and respondents' preference for venue where the zip [c]ode is proper."

We are also troubled by the Immigration Judge's decision to unmark previously marked exhibits after granting the change of venue. The Immigration Judge stated she was doing so to allow the next Immigration Judge to consider the case from the beginning. However, a change of venue does not restart the proceedings or affect the evidentiary record. Rather, proceedings continue from that point, and all documentary evidence that was presented and accepted by the court remains a part of the record. The Immigration Judge erred in unmarking the exhibits and thereby failing to preserve "a complete record . . . of all testimony and evidence produced at the proceeding." *Id.*

"Immigration Judges have broad discretion to conduct and control immigration proceedings . . . ." *Matter of Interiano-Rosa*, 25 I&N Dec. 264, 265 (BIA 2010); *accord Aguilar-Solis v. INS*, 168 F.3d 565, 568 (1st Cir. 1999); *see* 8 C.F.R. § 1003.36 (2026); INA 240(b)(1), 8 U.S.C. § 1229a(b)(1). However, fair hearing principles require Immigration Judges to act as "neutral and impartial arbiters" to both parties and ensure the fundamental fairness of the proceedings they oversee. *Aguilar-Solis*, 168 F.3d at 569; *see also*, *e.g.*, 5 C.F.R. §§ 2635.101(b)(8), (14) (2026) (requiring United States Government employees to "act impartially and not give preferential treatment to any private organization or individual" and to "endeavor to avoid any actions creating the appearance that they are violating the law or the ethical standards"). Although the nature of the interests at stake differs, fundamental fairness demands that both the respondent and DHS be afforded a meaningful opportunity to be heard. *See Lassiter v. Dep't of Soc. Servs.,* 452 U.S. 18, 24–25 (1981) (explaining that due process requires "fundamental fairness"); *see also Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) ("The fundamental requisite of due process of law is the opportunity to be heard." (quoting *Grannis v. Ordean,* 234 U.S. 385, 394 (1914))). The obligation of neutrality therefore extends equally to an Immigration Judge's treatment of both parties, and an Immigration Judge may not justify procedural and evidentiary rulings that compromise DHS' ability to fully present its case. Ensuring a fair hearing requires adherence to procedures that respect the rights of all parties in immigration proceedings.

Here, the Immigration Judge's comments and conduct during the individual hearing raise concerns regarding neutrality and create an appearance of bias, which is inconsistent with the Immigration Judge's role in these proceedings. *See Marincas v. Lewis*, 92 F.3d 195, 203–04 (3d Cir. 1996) (holding that one of the "most basic of due process protections" is "a

hearing before a neutral immigration judge"). The Immigration Judge's statement that she often gives deference to respondents' preference for venue is particularly concerning. "[I]mmigration [J]udges must assiduously refrain from becoming advocates for either party." *Aguilar-Solis*, 168 F.3d at 569.

Generally, we are reluctant to direct that a case be reassigned to a different Immigration Judge and only do so on rare occasions. However, given the appearance of bias and the numerous procedural errors committed by the Immigration Judge in this case, we find it appropriate to remand the record for a new hearing before a different Immigration Judge. *See generally Matter of Exame*, 18 I&N Dec. 303, 305–07 (BIA 1982) (discussing considerations for judicial conduct that constitute disqualifying bias).

For the foregoing reasons, we will vacate the Immigration Judge's order granting the change of venue and transfer venue to the Boston Immigration Court for a hearing before a different Immigration Judge. On remand, the Immigration Judge shall schedule an individual hearing on an expedited basis. Accordingly, the following orders will be entered.

**ORDER:** DHS' appeal is sustained, and the Immigration Judge's December 12, 2025, decision is vacated.

**FURTHER ORDER:** The record is remanded to the Boston, Massachusetts, Immigration Court for assignment to a new Immigration Judge and for further proceedings consistent with the foregoing opinion.